

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA WILLIAMS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No.: _____ |
| AON CORPORATION, | § § | 3-07CV1530-L |
| Defendant. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff Rebecca Williams ("Williams") presents her Original Complaint and Jury Demand.

### PARTIES

1. Williams is a U.S. citizen and a resident of Dallas County, Texas.

2. Defendant AON Corporation ("AON") is a Delaware Corporation with its principal place of business located at 200 E. Randolf Street, Chicago, Illinois, 60601. AON does not maintain a registered agent in the state of Texas and therefore may be served with process by serving the Secretary of State of Texas, 1019 Brazos St., Austin, TX 78701.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1337, and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a). This is a suit authorized and instituted pursuant to the Civil Rights Act of 1964 and 1991 as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, and it seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This is a proceeding for declaratory judgment, injunctive relief, damages, compensatory damages, punitive damages, attorneys' fees, and other relief to secure the rights of Williams. It is brought to prevent AON from maintaining a policy, practice, custom or usage of discriminating against employees, including Williams, on the basis of race or in retaliation for opposing discriminatory practices.

## BACKGROUND FACTS

5. Williams is an African-American who was employed with AON as an Administrative Assistant in the AON Re Services division from March, 2003, to April, 2007.

6. Williams was a good employee who worked hard at her job.

7. Williams was not a troublemaker.

8. Williams was performing duties of a human resource generalist. She was involved in hiring persons into the division.

9. Williams observed that AON discriminated in the hiring of employees in the AON Re Services division. AON refused to consider hiring any person who was female or African-American.

10. Williams expressed her concerns about the discrimination to her superiors and to AON corporate headquarters.

11. AON retaliated against Williams by refusing her advancement within the company, reprimanded her for her comments about discrimination, and created an increasingly hostile work environment.

12. Because of the discrimination and retaliation, Williams filed a charge against AON with the Equal Employment Opportunity Commission.

13. After Williams filed the EEOC charge, AON retaliated further and ultimately terminated her employment.

## CAUSES OF ACTION

**TITLE VII DISCRIMINATION AND RETALIATION**

14. Williams has exhausted required administrative procedures by filing the EEOC Charge, alleging that Williams had been discriminated against by her employer by ultimately terminating Williams's employment because of her race and in retaliation for opposing discriminatory practices. Race or retaliation were at least motivating factors in Williams's harassment and the termination of Williams's employment.

15. The acts, practices, and policies of AON caused damage to Williams in the form of back pay, interest on back pay, front pay, lost benefits and other compensatory damages to which she is entitled under Title VII because of the discriminatory action and retaliation.

**42 U.S.C. SECTION 1981**

16. AON discriminated against Williams in the making of a contract of employment, including refusing to continue employment on the same terms it offered to non-African-American employees. The refusal was undertaken for the purpose of interfering with and avoiding the rights of Williams and the contractual obligations of AON in violation of 42 U.S.C. § 1981.

17. AON's actions in discriminating against Williams, including discrimination with respect to investigation of claims, retaliation, and termination of employment had a financial impact on Williams, and were intentional acts of racial discrimination in violation of 42 U.S.C. §1981.

18. AON's actions were undertaken for the specific purpose of interfering with and avoiding their contractual obligations and the contractual rights of Williams, in violation of 42 U.S.C. §1981. Race was at least a motivating factor in the harassment of Williams and the termination of her employment.

19. As a result of AON's actions, Williams is entitled to compensatory and punitive damages, as well as reasonable attorneys' fees and expenses.

### DECLARATORY ACTION AND INJUNCTIVE RELIEF

20. Williams is entitled to a declaratory judgment, declaring AON's past practices herein complained of to be in violation of Title VII and 42 U.S.C. § 1981. Williams is also entitled equitable relief in the form of an injunction prohibiting AON from engaging in unlawful employment practices, to reinstate Williams with back pay, and reporting on the manner of compliance with the court order.

### ATTORNEYS' FEES

21. Williams was required to retain the services of the undersigned attorneys to prosecute the cause. Under Title VII, and Section 1981, Williams is entitled to a reasonable amount for attorney's fees and expenses for all services rendered in this cause, including trials and appeals.

### JURY TRIAL

22. Willams requests a trial by jury.

WHEREFORE, Williams requests that upon final trial, Williams have judgment against AON for reinstatement; lost wages and benefits; compensatory, and punitive damages;

attorneys' and expert fees and expenses; injunctive and declaratory relief; interest as provided by law; costs of suit; and any further relief to which Williams may be entitled.

Respectfully submitted,

SHEILS WINNUBST
SANFORD & BETHUNE

BY: _____
BRIAN P. SANFORD
Texas Bar No. 17630700

1100 Atrium II
1701 N. Collins Blvd.
Richardson, Texas 75080
(972) 644-8181
(972) 644-8180

**ATTORNEYS FOR PLAINTIFF
REBECCA WILLIAMS**

◆JS 44 (Rev. 10/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rebecca Williams

## DEFENDANTS
AON Corporation

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

RECEIVED SEP - 7 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Sanford, Sheils Winnubst Sanford & Bethune, 1701 N. Collins Blvd., Suite 1100, Richardson, TX 75080; (972) 644-8181

Attorneys (If Known)
3-07CV1530-L

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Title VII and Section 1981 Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 9-7-07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL